UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALLSTATE INSURANCE CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 11 C 7494 |
| | ) | |
| ELECTROLUX HOME PRODUCTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on Plaintiff Allstate Insurance Co.'s ("Allstate") motion to strike Defendant Electrolux Home Products, Inc.'s ("Electrolux") affirmative defenses. For the reasons set forth below, the motion is granted in part and denied in part.

## BACKGROUND

This case arises out of a fire at the home of Allstate's insureds, Ahmed and Karima Mohamed (collectively, "the Mohameds"). The fire was allegedly caused by a malfunction in a clothes dryer manufactured by Electrolux, and Allstate allegedly paid $106,342.84 to the Mohameds for their losses. Allstate then filed a complaint against Electrolux sounding in products liability and negligence in Illinois state court to recover this amount. The complaint was removed to this Court on October 21, 2011. Electrolux

answered the complaint on January 20, 2012 and asserted fifteen affirmative defenses. Allstate now seeks to strike each of these affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f).

## LEGAL STANDARD

An affirmative defense raises new "facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true." Black's Law Dictionary (9th ed. 2009). Federal Rule of Civil Procedure 12(f) permits a court to strike "an insufficient defense of any redundant, immaterial, impertinent, or scandalous matter." To survive a motion to strike, affirmative defenses must comply with Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement" of the defense. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). However, "[b]are bones conclusory allegations" are not permitted. *Id.* at 1295. Because motions to strike can be used as delay tactics, they are generally not a favored part of motion practice. *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975). However, if legal implications can be drawn from uncontroverted facts within the pleadings, such motions can be useful tools to examine the sufficiency of asserted defenses. *See id.*

## DISCUSSION

Electrolux's first affirmative defense alleges that Allstate cannot prove that the dryer was unreasonably dangerous at the time it left Electrolux's possession. A court

may strike an affirmative defense that "merely raises matters already at issue under a denial." *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 736 (N.D. Ill. Feb. 16, 1982). The first affirmative defense amounts to a denial of Paragraph 12 of Allstate's complaint, in which Allstate alleged that the dryer was defective and unreasonably dangerous as manufactured. Because this matter is already at issue, Electrolux's first affirmative defense is hereby stricken.

Electrolux's second, third, sixth, seventh, and twelfth affirmative defenses allege that the Mohameds' losses were caused by intervening acts or omissions of third parties over which Electrolux had no control. Causation is a necessary element of Allstate's claims, and these affirmative defenses merely deny this element. Electrolux's second, third, sixth, seventh, and twelfth affirmative defenses are therefore stricken. *See Resolution Trust Corp. v. KPMG Peat Marwick*, 845 F. Supp. 621, 625 (N.D. Ill. 1994) (striking affirmative defense alleging a lack of "causation in fact, proximate cause, [and] intervening cause" because causation was a necessary element of plaintiff's claim).

Electrolux's fourth and fifth affirmative defenses both allege assumption of risk. The fourth affirmative defense alleges that the Mohameds assumed the risk of injury by inappropriately installing, maintaining, and operating the dryer. The fifth affirmative defense provides greater particularity and alleges that the Mohameds understood and appreciated the risk of injury from failing to clean out the lint trap on the dryer. These

defenses provide sufficient factual detail to withstand a motion to strike and will therefore stand.

Electrolux's eighth affirmative defense states that Electrolux's dryer was "state of the art" and that Electrolux had no practical or technically feasible alternative designs. Whether a product was "state of the art" is not a defense to a strict liability action, and it is "not conclusive of non-negligence since it is merely to be considered by the jury along with whatever other evidence may be presented in determining that fact." *Gelsumino v. E.W. Bliss Co.*, 295 N.E.2d 110, 113 (Ill. App. Ct. 1973). Moreover, this defense is simply a denial of Allstate's allegation that the product was negligently manufactured. Although Electrolux is certainly entitled to provide evidence that the dryer was "state of the art" at trial, these facts, even if true, do not necessarily bar Allstate's recovery and therefore do not constitute a proper affirmative defense.

Electrolux's ninth affirmative defense alleges in a conclusory fashion that the Mohameds were contributorily negligent. Contributory negligence is included as an acceptable affirmative defense under Federal Rule of Civil Procedure 8(c). Although Electrolux does not provide any factual support within this defense regarding what conduct on the part of the Mohameds was negligent, elsewhere in its answer it asserts that the Mohameds improperly installed and maintained the dryer and failed to clean out the lint trap on the dryer. Electrolux's answer as a whole provides sufficient factual

support for this affirmative defense, and Electrolux's ninth affirmative defense will stand.

Electrolux's tenth and eleventh affirmative defenses state that Allstate failed to mitigate its damages. Although the tenth affirmative defense is conclusory, the eleventh affirmative defense provides more particularity and alleges that Allstate was not required under the insurance policy to pay the Mohameds the amount that it did. When viewed together, these defenses provide sufficient facts to place Allstate on notice of the course of conduct that Allstate was obligated to undertake to mitigate its damages. Therefore, Electrolux's tenth and eleventh affirmative defenses will stand.

Electrolux's thirteenth and fourteenth affirmative defenses allege spoilation of evidence. Spoilation of evidence "does not 'give rise in civil cases to substantive claims or defenses.'" *ABC Business Forms, Inc. v. Pridamor, Inc.*, No. 09 C 3222, 2009 WL 4679477, at *3 (N.D. Ill. Dec. 1, 2009) (quoting *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001)). Electrolux's thirteenth and fourteenth affirmative defenses are therefore stricken.

Finally, Electrolux's fifteenth affirmative defense states that Electrolux reserves the right to assert all other affirmative defenses that may be revealed through the course of discovery. This is not an affirmative defense, and is therefore stricken. Should

Electrolux seek to amend its answer to include additional defenses, it should request leave from the Court to do so pursuant to Federal Rule of Civil Procedure 15(a)(2).

## CONCLUSION

For the foregoing reasons, Allstate's motion to strike Electrolux's first, second, third, sixth, seventh, eighth, twelfth, thirteenth, fourteenth, and fifteenth affirmative defenses is granted. Allstate's motion to strike Electrolux's fourth, fifth, ninth, tenth, and eleventh affirmative defenses is denied.

*Charles P. Kocoras*

Charles P. Kocoras
United States District Judge

Dated:  April 2, 2012